IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| CAPRICE W. DOWELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:12CV1006 |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of | ) |
| Social Security, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

LORETTA C. BIGGS, DISTRICT JUDGE.

Plaintiff Caprice W. Dowell ("Ms. Dowell") commenced this action on September 10, 2012, to obtain judicial review of a final decision of the Commissioner of Social Security denying her claim for Social Security disability benefits under Title II and Title XVI of the Social Security Act, as amended. (Doc. 1 (Compl.) ¶ 1.) Before the Court are Plaintiff's Motion for Judgment Reversing Judgment of the Commissioner or Remanding the Cause for Rehearing (Doc. 9) and the Commissioner's Motion for Judgment on the Pleadings (Doc. 11). The administrative record has been certified to the Court for review. The Court heard oral argument on the parties' motions on March 3, 2015. For the reasons set forth below, the Court denies Defendant Commissioner's motion and grants Ms. Dowell's motion to the extent it seeks reversal and remand for a new hearing to the Commissioner.

**I.      Procedural History**

On March 17, 2009, Ms. Dowell filed an application for disability insurance benefits and supplemental security income, alleging a disability beginning January 9, 2009. (Tr. at 101, 108, 126.[1]) Following a denial initially and upon reconsideration by the Social Security Administration ("SSA"), Ms. Dowell requested a hearing before an Administrative Law Judge ("ALJ") on October 30, 2009. (*Id.* at 92.) The hearing occurred on January 20, 2011. (*Id.* at 10.) The ALJ denied Ms. Dowell's application on January 27, 2011. (*Id.* at 10-18.) The Appeals Council denied her request for review on July 10, 2012 (*id.* at 1-5), making the ALJ's decision the final decision of the Commissioner. On September 10, 2012, Ms. Dowell filed the present action. (Doc. 1.)

**II.     Standard of Review**

This Court's review of the Commissioner's denial of benefits is authorized under 42 U.S.C. § 405(g). *Hancock v. Astrue,* 667 F.3d 470, 472 (4th Cir. 2012). The scope of review, however, is extremely limited. *Frady v. Harris*, 646 F.2d 143, 144 (4th Cir. 1981). The role of the reviewing court is not to "reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005)(second alteration in original). Rather, the court must uphold the Commissioner's factual findings if they are supported by substantial evidence and are free of legal error. *Hancock*, 667 F.3d at 472. Substantial evidence is such "evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citation omitted). It is considered more than

---

[1] Transcript citations refer to the certified administrative record.

a scintilla of evidence but is less than a preponderance. *Id.* "'Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ].'" *Id.* (quoting *Johnson,* 434 F.3d at 653 (alteration in original)).

## III. SSA Five Step Process and the Decision of the ALJ

In evaluating disability claims, the Commissioner uses a five-step sequential process. *Hancock*, 667 F.3d at 472. In sequence, the Commissioner asks "whether the claimant: (1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to her past relevant work; and (5) if not, could perform any other work in the national economy." *Id.* at 472. The claimant bears the burden of production and proof in steps one through four; the burden shifts to the Commissioner in step five "to produce evidence that other jobs exist in the national economy that the claimant can perform considering h[er] age, education, and work experience." *Id.* at 472-73. Before going from step three to step four, the Commissioner assesses the claimant's "residual functional capacity" ("RFC"), a determination of what the claimant is capable of doing. The RFC is used at step four and at step five when the claim is evaluated at those steps. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If the ALJ finds that the claimant has failed to satisfy any step of the process, the ALJ need not proceed to the next step. *Hancock*, 667 F.3d at 472-73 (citing 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)).

Here, the ALJ found that Ms. Dowell: (1) had not engaged in substantial gainful activity since her alleged onset date (step one); (2) had the following severe impairments: fibromyalgia and depression (step two); and (3) had impairments, alone or in combination, that did not meet or equal a listed impairment (step three). (Tr. at 12.) The ALJ then determined Ms.

3

Dowell had the residual functional capacity to perform a full range of unskilled medium work with the following limitations: can stand and walk for eight hours in an eight-hour workday; can sit for eight hours in an eight-hour workday; can lift/carry and push/pull 50 pounds occasionally and 25 pounds frequently; and, as to her mental capacity, can perform simple, routine, repetitive tasks. (*Id.* at 13.) The ALJ determined that Ms. Dowell was capable of performing her past work as a nursing assistant and, therefore, was not disabled. (*Id.* at 17.) Alternatively, the ALJ concluded that if Ms. Dowell were incapable of returning to her past work, then at step five, there were other jobs that existed in the national economy that she could perform. (*Id.* at 17-18.) Based on the foregoing findings, the ALJ determined that Ms. Dowell was not disabled. (*Id.* at 18.)

## IV. <u>Discussion</u>

Ms. Dowell asserts three grounds in support of her motion: (1) the ALJ did not properly evaluate her credibility; (2) the ALJ's residual functional capacity finding is not supported by substantial evidence; and (3) the ALJ erred in using medical-vocational guidelines to deny her claim at step five. (Doc. 9 at 1.) Because the Court concludes that a reversal and remand for a new hearing is warranted based on Ms. Dowell's RFC argument, the Court will only address her second argument.

Ms. Dowell challenges the ALJ's RFC determination, contending that it is not supported by substantial evidence in the record. Ms. Dowell asserts that the ALJ's RFC finding led to the determination that she could return to her past work as a nursing assistant at step four or, in the alternative, retained the ability to perform other jobs that exist in the national economy at step five. According to Ms. Dowell, these improper findings reflect a

4

fundamental misunderstanding of fibromyalgia, particularly as it relates to claims of pain and difficulty with daily tasks. (*See* Doc. 10 at 6-7.)

To determine the RFC, the ALJ considers those impairments supported by the objective medical evidence in the record as well as those impairments that are based on the claimant's subjective complaints. 20 C.F.R. §§ 404.1545, 404.1529, 416.945, 416.929. In evaluating a claimant's subjective complaints such as pain, the ALJ employs a two-step process. *See* Social Security Ruling ("SSR") 96-7p, 1996 WL 374186 ("Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements"). (Tr. at 13-16.) "First, there must be objective medical evidence showing 'the existence of a medical impairment(s) which results from anatomical, physiological, or psychological abnormalities and which could reasonably be expected to produce the pain or other symptoms alleged.'" *Craig v. Chater*, 76 F.3d 585, 589, 594-95 (4th Cir. 1996) (quoting 20 C.F.R. § 416.929(b)); *see also* 20 C.F.R. § 404.1529(b). If the first step is satisfied, as it was in this case, the ALJ considers the intensity and persistence of pain and the extent to which it affects a claimant's ability to work. The ALJ "must take into account not only the claimant's statements about her pain, but also 'all the available evidence,' . . . and any other evidence relevant to the severity of the impairment, such as evidence of the claimant's daily activities, specific descriptions of the pain, and any medical treatment taken to alleviate it." *Craig*, 76 F.3d at 595 (internal citations omitted) (citing 20 C.F.R. §§ 416.929(c)(3), 404.1529(c)(3)).

"Numerous courts have recognized that fibromyalgia's 'symptoms are entirely subjective and [that] there are no laboratory tests that can confirm the presence or severity of the syndrome.'" *McIntire v. Colvin*, No. 3:13–CV–143, 2015 WL 401007, at *41 (N.D.W.Va.

5

Jan. 28, 2015) (alteration in original) (quoting *Stahlman v. Astrue*, No. 3:10-CV-475, 2011 WL 2471546 (E.D.Va. May 17, 2011)); *see also Ellis v. Colvin,* No. 5:13-CV-00043, 2014 WL 2862703, at *8 (W.D.Va. June 24, 2014); *Loving v. Astrue*, No. 3:11-CV-411–HEH, 2012 WL 4329283, at *5 (E.D.Va. Sept. 20, 2012). The primary symptom of fibromyalgia is chronic, widespread pain. *Johnson v. Astrue*, 597 F.3d 409, 414 (1st Cir. 2009). Moreover, as the Second Circuit explained, "physical examinations will usually yield normal results—a full range of motion, no joint swelling, as well as normal muscle strength and neurological reactions." *Green-Younger v. Barnhart*, 335 F.3d 99, 108-09 (2nd Cir. 2003) (citation omitted).

Here, in spite of the ALJ's determination at step two that Ms. Dowell's fibromyalgia was a severe impairment, the ALJ cites almost exclusively objective medical evidence to support the RFC, which does not appear to reflect the subjective nature of fibromyalgia or, specifically, Ms. Dowell's pain. While recognizing that Ms. Dowell "had a history of treatment for fibromyalgia since early 2008," the ALJ followed that statement with, "[h]owever, the results of physical examinations, with the exception of trigger point tenderness, were usually unremarkable, and the claimant apparently exhibited no significant difficulties with gait, moving about, or with lifting, carrying objects." (Tr. at 16.) He further noted that "[n]one of the claimant's treating physicians have apparently established any specific, permanent physical restrictions for her"; and stated that his RFC of full range of unskilled medium work "is supported by the great majority of the *objective* medical evidence of record." (*Id.* at 17.) (emphasis added). This appears inconsistent with his finding at step two that Ms. Dowell's fibromyalgia was a severe impairment. To be a severe impairment at step two, the ALJ must have concluded that Ms. Dowell's fibromyalgia significantly limited her ability to perform basic

6

work activities. *See* 20 C.F.R. §§ 404.1520(c), 416.920(c). Although a finding that a claimant has a severe impairment at step two does not necessarily require a corresponding restriction in the RFC, the Court here cannot discern whether the ALJ in determining the RFC considered Ms. Dowell's subjective complaints of fibromyalgia pain. *See Carrier v. Astrue*, Civil No. SAG–10–3264, 2013 WL 136423, at *1 (D.Md. Jan. 9, 2013) ("One of [claimant's] arguments is the ALJ's RFC was inconsistent with his Step Two findings . . . That argument is deficient, because there is no requirement that every severe impairment correlate with a particular restriction in the RFC. However, I agree that the ALJ has not provided sufficient analysis for me to determine whether his conclusions as to [claimant's] alleged right hand limitations are premised on substantial evidence.").

Moreover, while the ALJ does not have to discuss every piece of evidence, the ALJ cannot cherry-pick the evidence that supports his decision to the exclusion of evidence favorable to the claimant. *See Czerska v. Colvin*, No. TMD 12–2238, 2013 WL 5335406, at *4 (D.Md. Sept. 20, 2013). This is particularly troubling in cases of fibromyalgia where the symptoms are subjective in nature. A review of the record shows that Ms. Dowell testified that the "pain is just unbearable," and "she never know[s] when it's going to happen." (Tr. at 41.) She further testified that there are times when she is unable to function for three or four days. (*Id.*) The record contains statements from Ms. Dowell's family that corroborate her subjective complaints of pain which are not mentioned in the ALJ's decision.[2] In addition,

---

[2] Ms. Dowell states that the third-party function reports were completed by her daughter and husband. (*See* Doc. 10, at 12; Tr. at 138-45, 145-54.) It is unclear whether the report on pages 138-145 of the record is from Ms. Dowell or her daughter. The Commissioner has not raised this as an issue. (*See* Doc. 12, at 10.)

7

Ms. Dowell began treatment with Dr. Semble, a rheumatologist, in September of 2008. (*Id.* at 350.) While the ALJ noted that Ms. Dowell's pain level from her October 2008 visit with Dr. Semble was a 5/10 (*id.* at 14), he failed to discuss that Ms. Dowell consistently reported pain to Dr. Semble over more than ten visits from 2008-2010. (*Id.* at 336-51, 398-417.) During these visits her pain level continued to increase, frequently reaching a level of 9/10 and 10/10. (*Id.*) Further, Dr. Semble's records noted that Ms. Dowell was "severely restricted in physical and social activities" due to her pain. (*See, e.g.*, Tr. at 336, 338, 342, 344, 415, 413, 411.) Because Dr. Semble was a treating specialist, the ALJ should have provided thorough analysis of his treatment and assessment of Ms. Dowell's fibromyalgia and related symptoms in his RFC analysis. *Loving*, 2012 WL 4329283, at *5 ("When evaluating the presence and impact of fibromyalgia, . . . deference to the treating specialist is critical due to the unique problems in evaluating its impact on the patient" and "because in person assessments . . . represent the best means of assessing the patient's information.").

While the Court recognizes that the RFC determination is the ALJ's province, the ALJ must provide the specific reasons supported by the evidence in the record to make clear to this Court the weight given to Ms. Dowell's subjective complaints of pain. SSR 96-7P, 1996 WL 374186, at *2 (Jul. 2, 1996). Nor is it sufficient for the ALJ to recite a fact summary and make conclusory statements in support of his RFC.[3] *See St. James v. Comm'r of Social Sec.*, No.

---

[3] The ALJ stated: "The Claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are credible, but only to the extent they are consistent with the above residual functional capacity assessment." (Tr. at 16.) The Fourth Circuit has held that this language "'gets things backwards' by implying 'that ability to work is determined first and is then used to determine the claimant's credibility.'" *Mascio v. Colvin*, __ F.3d __, No. 13–2088, 2015 WL 129530, at *5 (4th Cir. 2015)(citation omitted). Putting that aside, there is simply a lack of analysis on why the ALJ discredited Ms. Dowell's fibromyalgia symptoms.

8

13–10574, 2014 WL 1305032, at *7 (E.D.Mich. Feb. 4, 2014); *Waugh v. Astrue*, No. 1:11-CV-284, 2012 WL 6754917, at *5 (W.D.N.C. Nov. 27, 2012). A necessary predicate to engaging in substantial evidence review is a record that adequately explains the ALJ's findings and reasoning. *Radford v. Colvin*, 734 F.3d 288, 295(4th Cir. 2013). This requires that the ALJ build a logical bridge between the evidence and his conclusions. *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003). Here, the Court cannot discern whether the ALJ took into consideration Ms. Dowell's fibromyalgia-related symptoms in arriving at the RFC. Accordingly, the Court will remand this matter for further consideration as set forth herein.[4] The Court expresses no opinion on whether Ms. Dowell's subjective complaints of pain are credible.

For these reasons, the Court enters the following:

## Order

IT IS THEREFORE ORDERED that the Commissioner's decision finding no disability is REVERSED; that Defendant Acting Commissioner of Social Security Carolyn W. Colvin's Motion for Judgment on the Pleadings (Doc. 11) is DENIED; that Plaintiff Caprice W. Dowell's Motion for Judgment Reversing Judgment of the Commissioner or Remanding the Cause for Rehearing (Doc. 9) is GRANTED to the extent it seeks reversal and remand for

---

[4] At the March 3, 2015 hearing, Ms. Dowell's attorney requested that this Court remand this matter for consideration under SSSR 12-2p, 2012 WL 3104869 (July 24, 2012). In reaching the decision to remand, however, the Court has not considered application of SSR 12-2p to the ALJ's decision because SSR 12-2p did not become effective until after the ALJ's decision became final. While this Court is not relying on SSR 12-2p to support this remand, this ruling demonstrates that the Social Security Administration recognized the need to provide clarity in its review of disability claims involving fibromyalgia.

9

rehearing, and this action is REMANDED for further proceedings consistent with this Opinion under sentence four of 42 U.S.C. § 405(g).

This, the 2nd day of April, 2015.

/s/ Loretta C. Biggs  
United States District Judge